# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | Civil Action No. 13 – 1236 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| PA BOARD OF PROBATION and | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

On August 27, 2013, Petitioner, Robert Smith, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("the petition"). For the reasons discussed herein, the Court finds that the petition is moot.

### A. Background

In 2007, Petitioner was charged with various crimes in the Court of Common Pleas of Allegheny County in three separate criminal informations. At CC 200701195, Petitioner was charged with one count of Escape, one count of Resisting Arrest, and one count of Criminal Mischief. He pleaded guilty to Resisting Arrest and Criminal Mischief. He received a sentence of 24 months of probation for Resting Arrest, effective the date of sentencing, and no further penalty for the Mischief charge. The Escape charge was withdrawn.

At CC 200701196, Petitioner was charged with out count of Unlawful Restraint, one count of Resisting Arrest, one count of Simple Assault, one count for Violation of PFA Order,

one count of Possession of Drug Paraphernalia, and one count of Burglary.  He pleaded guilty to Unlawful Restraint, Simple Assault, and Resisting Arrest.  All other charges were withdrawn.  He received a sentence of 11½ months to 23 months incarceration for Unlawful Restraint and a 24 month period of probation, both effective the date of sentencing.  No further penalty was imposed on the other counts.  Petitioner was given seven days of time credit and permission to serve the sentence in alternative housing.

Petitioner was committed to the Allegheny County Jail and continuously lodged there from September 7, 2007 to June 24, 2008, at which time he pleaded guilty to one count of Escape at CC 200716391.  He received a sentence of 9 to 18 months of incarceration and 24 months of probation.  He was given time credit from October 12, 2007 and paroled forthwith.

On January 9, 2009, Petitioner was detained for technical violations of his probation.  On June 25, 2009, he appeared for a revocation hearing, at the conclusion of which his probation was revoked at all three criminal cases.  He was sentenced as follows:

> <u>CC 200701195</u>:  Count Three (Resisting Arrest):  One to two years of incarceration.
> <u>CC 200701196</u>:  Count Seven (Unlawful Restraint): One to two years of incarceration.
> <u>CC 200716391</u>:  Count One (Escape):  One to two years of incarceration, effective January 9, 2009.

These periods of incarceration were imposed consecutive to each other.  As noted *infra*, the Commonwealth submits that Petitioner did not properly receive time credit for his previous incarceration when he was resentenced on June 25, 2009.

On July 8, 2009, Petitioner filed a counseled post-sentence Motion to Reconsider, which was denied as untimely.  No direct appeal was filed.

On September 28, 2009, Petitioner filed a *pro se* Post-Conviction Relief Act ("PCRA") petition. He was appointed counsel, and Attorney Scott Coffey entered his appearance on behalf of Petitioner on October 1, 2009. On November 24, 2009, Petitioner filed an Amended PCRA Petition raising the following two claims.

1. Probation violation counsel was ineffective for failing to file a timely motion to modify sentence, causing it to be denied, and for failing to file a notice of appeal.

2. Probation violation counsel was ineffective for failing to ensure that Defendant's time credit from 1/9/09 (the date he was detained on all three cases) until sentencing on 6/25/09 was noted on the sentencing orders, causing defendant to fail to be awarded 6.50 months credit.

On January 12, 2010, the Commonwealth filed its Answer to the PCRA petition, and with respect to the first claim, the Commonwealth conceded that Petitioner's right to file a direct appeal should be reinstated, but objected to reinstatement of Petitioner's right to file post-sentence motions. On February 11, 2010, the judge issued an Order granting relief in part. Petitioner's direct appeal rights were reinstated *nunc pro tunc*. All other claims were denied.

On March 10, 2010, Petitioner filed a Notice of Appeal, docketed at 394 WDA 2010 in the Superior Court of Pennsylvania. On December 21, 2010, the Superior Court denied relief.

On January 6, 2011, Petitioner filed a Petition for Allowance of Appeal, docketed at 9 WAL 2011 in the Supreme Court of Pennsylvania. On August 30, 2011, the Supreme Court denied the petition.

On March 29, 2012, Petitioner was granted parole. He was released on parole on May 29, 2012.[1]

---

[1] Although not at issue in this case, Petitioner was again charged with violating the conditions of his parole on September 10, 2013. He signed a Waiver of Violation Hearing and Counsel/Admission form and admitted to violating the conditions of his parole. On November 1, 2013, a hearing was held at SCI-Pittsburgh at which time Petitioner's waiver was accepted and it was recommended that he be recommitted as a technical parole violator. On

On August 27, 2013, Petitioner filed a counseled Motion to Correct Sentence at CCs 20071196 and 200716391. The motion requested only the correction of the sentencing order to waive costs/fees and place said costs on Allegheny County. The requested relief was granted on August 29, 2013.

On August 27, 2013, Petitioner filed the instant petition for writ of habeas corpus. On October 11, 2013, he filed an amended petition asserting one ground for relief, that he "was sentenced twice for the same sentence from first charges." He states that he "did this time in the Allegheny County Jail from 9/2007 – 9/2008."

**B. <u>Merits</u>**

As a result of these proceedings, the Commonwealth conceded that Petitioner was not properly given time credit when he was resentenced for his parole violations on June 25, 2009. According to the Commonwealth, Petitioner was entitled to that credit, 42 Pa. C.S.A. § 9760(2), and the failure to award it resulted in the imposition of an illegal sentence, as Petitioner would have potentially served more than the statutory maximum for his crime.[2] *See* <u>Commonwealth v. Williams</u>, 662 A.2d 658 (Pa. Super. 1995) (holding that trial courts must credit time served if a sentence imposed following probation revocation would otherwise exceed the maximum sentence). Because of this, the Commonwealth filed a Motion to Correct Sentence in CCs 20071195 and 200716391, in order to rectify the error. In that Motion the Commonwealth stated that when Petitioner was resentenced he did not receive the previously awarded time credit from September 7, 2007 to June 24, 2008. Because Petitioner was lodged on October 12, 2007 as a result of his Escape charge, the Commonwealth submitted that the issue could be corrected by

---

November 20, 2013, Petitioner was recommitted as a technical parole violator and was sentenced to six months incarceration. He did not file a petition for administrative review of this decision.

[2] The maximum punishment for a Misdemeanor of the Second Degree is two years. 18 Pa. C.S.A. § 1104(2).

awarding time credit from September 7, 2007 to October 12, 2007 at CC 200701195. The time period from October 12, 2007 to June 24, 2008 could then be credited to CC 200716391.

On February 12, 2014, Petitioner was awarded 35 days of additional time credit for count 3, Resisting Arrest, in CC 200701195, and on May 13, 2014, he was awarded 256 days of additional time credit at count 1, Escape, in CC 200716391. As such, it appears to the Court that Petitioner's claim is now moot.

### C. Conclusion

For the reasons stated herein, the habeas petition and the Commonwealth's motion to dismiss it will be dismissed as moot. A separate Order will issue.

Dated: August 26, 2014.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

Cc: Robert A. Smith
Alle Kiski Pavillion
1704 4th Avenue
Arnold, PA 15068
*Via First Class Mail*

Counsel of Record
*Via ECF Electronic Mail*